Filed 10/19/21  P. v. Rodriguez CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>PETER RODRIGUEZ,<br><br>    Defendant and Appellant. | 2d Crim. No. B303427<br>(Super. Ct. No. 2008012605)<br>(Ventura County) |

Peter Rodriguez (petitioner) was convicted, by jury, of the second degree murder of John Orrantia (Pen. Code, §§ 187, subd. (a), 189)[1] and of assault with a deadly weapon and by means of force likely to produce great bodily injury on Orlando Orrantia.  (§ 245, subd. (a)(1).)  We affirmed the convictions in an unpublished opinion.  (*People v. Rodriguez* (Feb. 16, 2011, B215469 (*Rodriguez*).)  In 2019, Rodriguez filed a petition for resentencing under section 1170.95.  The trial court appointed

---

[1] All statutory references are to the Penal Code unless otherwise stated.

counsel for petitioner and ordered briefing.  After reviewing the parties' briefs, the trial court concluded petitioner had not made a prima facie case for relief and denied the petition.  We conclude the trial court erred in denying the petition before issuing an order to show cause and holding an evidentiary hearing.  Accordingly, we reverse and remand the case for further proceedings.

*Facts*

In 2009, petitioner was convicted, by jury, of the second degree murder of John Orrantia and of assault with a deadly weapon on Orlando Orrantia.  The jury found petitioner not guilty of street terrorism (§ 186.22, subd. (a)), and found not true an allegation that the offenses were committed for the benefit of a street gang.  (§ 186.22, subd. (b)(1).)  Petitioner's co-defendant, Gustavo Tapia, was found not guilty of John's murder and of street terrorism, but was convicted of assault with a deadly weapon on Orlando.  The jury found not true the allegations that Tapia personally used a deadly and dangerous weapon (§ 12022, subd. (b)(1)), that he personally inflicted great bodily injury on Orlando (§ 12022.7, subd. (a)), and that he acted to benefit a street gang.  (§ 186.22, subd. (b)(1).)  We affirmed petitioner's convictions in an unpublished opinion.  (*Rodriguez*, *supra*, B215469.)

The Crime.  We summarize the statement of facts from our prior opinion on petitioner's direct appeal:  In January 2006, petitioner and Gustavo Tapia attended a large party in Ventura, arriving in a black Toyota Camry that was registered to Tapia's parents.  John Orrantia and his brother Orlando attended the same party.  John's ex-girlfriend, Megan Walpole, drove John to the party in her black Toyota Camry.  The two

2

Camrys were parked near each other.  As John Orrantia was leaving the party, he opened the passenger side door of Tapia's car, apparently thinking it was Walpole's.  Walpole corrected him.  John closed the car door and started to walk away.

Two men suddenly appeared on either side of John Orrantia.  One was wearing a Dodgers sweatshirt; the other was taller and wearing a black jacket.  One of the men hit John, knocking him to the ground.  Then both men were hitting and kicking John.  Orlando ran up.  He pushed the man in the sweatshirt away and traded punches with him.  The other man kept hitting John.  Orlando heard John say he had been stabbed.  The other two men stopped fighting and ran down the street, in the direction of a 7-11 store.

Witnesses, including Orlando and Walpole, could not identify which attacker held the knife that stabbed John Orrantia.  Walpole described the incident as a "joint attack."  There was also testimony that Orlando was fighting with Tapia and that petitioner was hitting John.

Security video from the 7-11 store showed petitioner, wearing a dark jacket, and Tapia, wearing a Dodgers sweatshirt, inside the store about 30 minutes after the fight ended.  A black Toyota Camry registered to Tapia's parents was parked on the street near the sight of the stabbing.

Bystanders drove both John Orrantia and Orlando to the hospital.  Orlando had been stabbed on his wrist and side.  He received stitches for some wounds and underwent successful surgery the next day.  John died at the hospital from a stab wound to the heart.

The Trial.  The trial court instructed the jury on three theories of murder liability:  aiding and abetting a murder

3

(CALCRIM No. 401), aiding and abetting an assault with a deadly weapon, the natural and probable consequence of which was death (CALCRIM No. 403), and murder with malice aforethought. The jury was also instructed to determine whether co-defendant Tapia had personally used a deadly weapon and whether he personally inflicted great bodily injury. It was not asked to make those findings with respect to petitioner.

In her closing argument, the prosecutor argued the jury did not need to decide which defendant stabbed the victim. Instead, she informed them, it was sufficient to find beyond a reasonable doubt that petitioner and Tapia aided and abetted each other, either in committing murder or in committing an assault with a deadly weapon the natural and probable consequence of which was the victim's death.

The jury convicted petitioner of second degree murder and assault with a deadly weapon but, because it was not instructed to do so, made no finding that he personally used a deadly weapon or inflicted great bodily injury. It found co-defendant Tapia not guilty of murder and found that he did not personally use a deadly weapon or inflict great bodily injury.

The Petition. Petitioner filed the form petition for resentencing under section 1170.95. In it, he stated under penalty of perjury that he was "convicted of 2nd degree murder under the natural and probable consequences doctrine or under the 2nd degree felony murder doctrine and I could not now be convicted of murder because of changes to Penal Code § 188 . . . ." Petitioner also requested counsel be appointed to represent him.

The trial court appointed counsel for petitioner and ordered briefing. The People's opposition argued that petitioner failed to make a prima facie showing he was eligible for

4

resentencing because the evidence at trial showed that petitioner acted with actual malice, whether he was the direct perpetrator of the stabbing or an aider and abettor. Although the People acknowledged that petitioner's jury was instructed on the natural and probable consequences theory, they argued the jury must have rejected that theory because it found Tapia was not guilty of murder. According to the People, Tapia's acquittal meant the jury rejected the aiding and abetting theory and found instead that petitioner acted alone in stabbing John Orrantia.

Petitioner contended he stated a prima facie case for resentencing because he established that the jury could have relied on a natural and probable consequences theory to convict him. The jury was instructed on that theory of murder, with assault with a deadly weapon as the target felony. It was not, however, instructed to find whether petitioner personally used a deadly weapon. In addition, the prosecutor's closing argument acknowledged there was no direct evidence showing whether petitioner or Tapia had the knife. She urged the jury to convict petitioner of murder because he participated in an assault and the murder was a foreseeable consequence of that assault. Petitioner argued the trial court should issue an order to show cause because it was not possible, based on the record of conviction, to determine whether he was convicted as the direct perpetrator or as an aider and abettor.

The trial court held a hearing to determine whether petitioner had established a prima facie case for resentencing. It informed the parties that it had reviewed their briefs but did not indicate whether it reviewed any other documents, such as the information filed against petitioner or the jury instructions from his trial. The trial court denied the petition because it found

5

petitioner did not make a prima facie showing he was eligible for relief. The trial court noted, that both Tapia and the surviving victim, Orlando Orrantia, identified petitioner as the person who attacked John Orrantia, the murder victim. Security camera footage from the 7-11 showed petitioner and Tapia wearing clothes like those described by witnesses to the fight. "So I think there's ample evidence, not only that he was the stabber, he was the aider and abettor. I don't think a prima facie showing has been made."

*Discussion*

In 2018, the Legislature enacted Senate Bill No. 1437 (Reg. Sess. 2017-2018), which amended section 188 to provide that "[e]xcept as stated in subdivision (e) of Section 189 [governing felony murder], in order to be convicted of murder, a principal in a crime shall act with malice aforethought. Malice shall not be imputed to a person based solely on his or her participation in a crime." (Stats. 2018, ch. 1015, § 2, subd. (a)(3).) This provision "bars a conviction for second degree murder under the natural and probable consequences theory." (*People v. Gentile* (2020) 10 Cal.5th 830, 839.)[2]

_____

[2] Under the natural and probable consequences doctrine, "'"[a] person who knowingly aids and abets criminal conduct is guilty of not only the intended crime [target offense] but also of any other crime the perpetrator actually commits [nontarget offense] that is a natural and probable consequence of the intended crime."'" (*People v. Chiu* (2014) 59 Cal.4th 155, 161.) Liability under this theory is vicarious in nature. It is not "'premised upon the intention of the aider and abettor to commit the nontarget offense because the nontarget offense was not intended at all. It imposes vicarious liability [on the aider and abettor] for any offense committed by the direct perpetrator that

Senate Bill No. 1437 (2017-2018 Reg. Sess.), also enacted section 1170.95 which creates a procedure for people who were previously "convicted of felony murder or murder under a natural and probable consequences theory" to petition to have their "murder conviction vacated and to be resentenced on any remaining counts . . . ." (§ 1170.95, subd. (a).)  A petitioner is eligible for this relief if the following conditions are met: (1) the murder charges filed against the petitioner allowed prosecution under a theory of felony murder or murder under the natural and probable consequences doctrine; (2) the petitioner was "convicted of first degree or second degree murder following a trial or accepted a plea offer in lieu of a trial at which the petitioner could be convicted for first degree or second degree murder"; and (3) the petitioner "could not be convicted of first or second degree murder because of changes to Section 188 or 189 made effective January 1, 2019." (*Id.*, subd. (a)(2) & (3).)

If the petition complies with these requirements, the court "shall review the petition and determine if the petitioner has made a prima facie showing that the petitioner falls within the provisions of this section." (§ 1170.95, subd. (c).)  "If the petitioner makes a prima facie showing that he or she is entitled to relief, the court shall issue an order to show cause." (*Ibid.*)

As our Supreme Court recently explained in *People v. Lewis* (2021) 11 Cal.5th 952 (*Lewis*), "[T]he prima facie inquiry under [section 1170.95] subdivision (c) is limited.  Like the analogous prima facie inquiry in habeas corpus proceedings, "'the court takes petitioner's factual allegations as true and makes a

is a natural and probable consequence of the target offense. . . .'" (*Id.* at p. 164.)

7

preliminary assessment regarding whether the petitioner would be entitled to relief if his or her factual allegations were proved. If so, the court must issue an order to show cause.'" [Citation.]" (*Id.* at p. 971.)

The trial court may "look at the record of conviction after the appointment of counsel to determine whether a petitioner has made a prima facie case" for relief. (*Lewis, supra,* 11 Cal.5th at p. 971.) It should not, however, "'reject the petitioner's factual allegations on credibility grounds without first conducting an evidentiary hearing.' [Citations.] 'However, if the record, including the court's own documents, "contain[s] facts refuting the allegations made in the petition," then "the court is justified in making a credibility determination adverse to the petitioner."'" (*Ibid.*) Similarly, "at this preliminary juncture, a trial court should not engage in 'factfinding involving the weighing of evidence or the exercise of discretion.' [Citation.]" (*Id.* at p. 972.)

Here, the petition was facially sufficient (§ 1170.95, subd. (a), (b)) and the record of conviction did not demonstrate ineligibility for relief as a matter of law. A petitioner would be ineligible for relief as a matter of law where the record conclusively shows that his or her murder conviction actually rested on a theory of liability that is unaffected by section 1170.95. (*Lewis, supra,* 11 Cal.5th at p. 971.) But here, petitioner's record of conviction shows that the jury was instructed on the now-invalid natural and and probable consequences theory.

It is possible petitioner's conviction rests on that theory. In her closing argument, the prosecutor argued the jury did not need to decide which defendant stabbed the victim.

8

Instead, she informed them, it was sufficient to find beyond a reasonable doubt that petitioner and Tapia aided and abetted each other, either in committing murder or in committing an assault with a deadly weapon the natural and probable consequence of which was the victim's death. If the jury relied on the latter theory, there is a possibility petitioner would be entitled to relief under section 1170.95.

Respondent contends the record of conviction shows petitioner is ineligible for relief because co-defendant Tapia was found not guilty of murder and the jury also found he did not personally use a deadly weapon. Since only two people were involved in the assault, respondent contends this result means the jury necessarily found petitioner was the direct perpetrator, rejecting both aiding and abetting and the natural and probable consequences theory of liability.

But this petition is only at the prima facie case stage of the section 1170.95 procedure. "[A]t this preliminary juncture, a trial court should not engage in 'factfinding involving the weighing of evidence or the exercise of discretion.' [Citation.]" (*Lewis, supra*, 11 Cal.5th at p. 972.) Without engaging in factfinding or weighing the evidence, it is not possible to conclude that the jury found petitioner to be the direct perpetrator. The jury could have found, consistent with the instructions it was given, that petitioner aided and abetted an assault, the natural and probable consequence of which was John Orrantia's death.

The verdict in favor of co-defendant Tapia does not compel the conclusion that petitioner was found to be the direct perpetrator. "The law generally accepts inconsistent verdicts as an occasionally inevitable, if not entirely satisfying, consequence of a criminal justice system that gives defendants the benefit of a

9

reasonable doubt as to guilt, and juries the power to acquit whatever the evidence." (*People v. Palmer* (2001) 24 Cal.4th 856, 860.)  At this preliminary stage of the process, we cannot infer from Tapia's acquittal that the jury accepted any given theory of guilt as to petitioner.

Because petitioner has made a prima facie showing that he is entitled to relief under section 1170.95, and the record of conviction does not show him to be ineligible as a matter of law, the trial court's summary denial of his petition was error. (*Lewis, supra,* 11 Cal.5th at pp. 971-972.)  The matter is therefore remanded to the trial court for issuance of an order to show cause and an evidentiary hearing in accordance with subdivisions (c) and (d) of section 1170.95.

DISPOSITION

The order denying the petition for resentencing is reversed.  The matter is remanded with instructions to issue an order to show cause and hold further proceedings in accordance with section 1170.95, subdivision (d).

NOT TO BE PUBLISHED.

YEGAN, Acting P. J.

We concur:

PERREN, J.

TANGEMAN, J.

10

Ferdinand Inumerable, Judge

Superior Court County of Ventura

_____

Ralph H. Goldsen, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Chalres S. Lee, Christopher G. Sanchez, Deputy Attorneys General, for Plaintiff and Respondent.